UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HONG MAI,

                Plaintiff,

     -against-

MICHAEL J. ASTRUE, Commissioner of Social Security,
et. al.,

                Defendants.
------------------------------------------------------------------X

10-CV-2028 (ARR) (CLP)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER & OPINION

ROSS, United States District Judge:

Plaintiff Hong Mai ("plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the Commissioner of Social Security ("Commissioner")'s decision denying her claim for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S. § 1381 et seq. Plaintiff's claim was denied on November 7, 2008, upon a an administrative law judge's ("ALJ") determination that plaintiff is not disabled under the Act.[1] A.R. 560-69.[2] The ALJ found that plaintiff has medically determinable "severe" impairments but that plaintiff is able to perform past relevant work and that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. A.R. 562-68. The ALJ's decision became final on January 11, 2010, see A.R. 553A-55, and this action followed.

The Commissioner of Social Security, acknowledging that the ALJ did not fully develop the administrative record before making a disability determination, moves to have this case remanded to the Social Security Administration for further administrative proceedings pursuant

---

[1] This November 7, 2008 decision followed an initial decision of December 27, 2005, in which the ALJ found that the plaintiff did not have a medically determinable "severe" impairment and was therefore not disabled. The plaintiff appealed that decision to this court, which revered the Commissioner's decision and remanded the case for further administrative proceedings. Mai v. Astrue, No. 06-CV-2978 (ARR), slip op. (E.D.N.Y. July 10, 2001).

[2] "A.R." refers to the administrative record in this case.

1

to the fourth sentence of 42 U.S.C. § 405(g). Plaintiff has filed a series of motions indicating that she agrees that the ALJ did not adequately develop the record, but she asks the court to grant her benefits based on an expanded record. For the reasons discussed below, the court grants Commissioner's motion to remand and denies plaintiff's motions seeking alternative relief.

## DISCUSSION

I.  Standard of Review

This case comes to the court for review of the Commissioner's finding that the plaintiff is not disabled. The court's role in reviewing decisions of the Social Security Administration is narrowly confined to assessing whether the Commissioner applied the correct legal standards in making his determination and whether that determination is supported by substantial evidence in the record. See 42 U.S.C. §§ 405(g), 1383(c); Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). In the instant case, the Commissioner concedes that the ALJ committed error warranting the reversal of the Commissioner's decision. The only issue before the court, therefore, is whether the matter should be reversed and remanded to the Commissioner for either further administrative proceedings or solely the calculation of benefits.

The court has authority to reverse a decision of the Commissioner with or without remanding the matter for a rehearing. See 42 U.S.C. § 405(g). Remand for further development of the evidence is appropriate where there are gaps in the administrative record or the ALJ has applied an improper legal standard. See, e.g., Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999); Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996). Remand for additional proceedings is particularly appropriate where, due to inconsistencies in the medical evidence or significant gaps in the record, "further findings would so plainly help to assure the proper disposition of [a] claim." Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (quoting Rosa, 168 F.3d at 83). On

2

the other hand, when there is persuasive proof of disability in the record and "no apparent basis to conclude that a more complete record might support the Commissioner's decision," further evidentiary development would not serve any purpose. Rosa, 168 F.3d at 83; Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). In such a case, the court should reverse the Commissioner's decision and remand only for the calculation of benefits. See, e.g., Balsamo v. Chater, 142 F.3d 75, 82 (2d Cir. 1998); Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 644 (2d Cir. 1983).

II. Plaintiff's Motions Seeking Expansion of the Record and an Award of Benefits

After several unsuccessful attempts to conduct discovery in this action, plaintiff has filed a motion to "correct" the transcripts from the administrative hearings in her case, so that the transcripts shall conform with what she "mean[t]" to communicate in her testimony. Dkt. No. 13. From the court's review of plaintiff's proposed corrections, it is clear plaintiff seeks not to correct errors in transcription but instead to introduce substantive changes to her testimony. On review of a decision of the Social Security Administration, the court may not consider new documents or other evidence that was not before the ALJ. See Randazzo v. Barnhart, 332 F. Supp. 2d 517, 521; cf. 42 U.S.C. § 405(g) ("The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is no good cause for the failure to incorporate such evidence into the record in the prior proceeding ...."). Because the court cannot consider plaintiff's proposed supplements to the record, plaintiff's motion to correct the transcripts is denied.[3]

The court construes the plaintiff's motions opposing remand, Dkt. Nos. 26, 38, as a

---

[3] The court also denies plaintiff's related motion to compel, Dkt. 46, in which plaintiff largely reiterates the arguments raised in her motion to correct the transcripts. To the degree that plaintiff's motion to compel may be also read as alleging that the Commissioner did not provide copies of the hearing transcripts to plaintiff, plaintiff's repeated detailed reference to the transcripts belies that allegation, and the motion lacks merit.

request for judgment on the pleadings and remand for calculation of benefits, see Dkt. No. 29, and finds that the record does not support a reversal of the Commissioner's decision with a remand for benefits. The record does not contain "persuasive evidence of total disability that render[s] any further proceedings pointless." Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 1999). Moreover, plaintiff herself concedes that the Commissioner "d[oes] not have a full record of the plaintiff['s] medical treatment." Dkt. No. 38 at 3. There is, therefore, no basis for concluding that a more complete record could not support the Commissioner's decision, see Rosa, 168 F.3d at 83, and awarding plaintiff judgment on the pleadings with a remand for benefits would be inappropriate.

III. Defendant's Motion to Remand

In a Social Security Administration proceeding, "the ALJ generally has an affirmative obligation to develop the administrative record." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). The regulations governing disability determinations make it the Social Security Administration's responsibility to "develop [a claimant's] complete medical history" before finding that a claimant is disabled. 20 CFR § 416.912(d). Namely, the Social Security Administration is bound to "make every reasonable effort to help [a claimant] get medical reports" and to recontact a medical source when the information it supplies "is inadequate . . . to determine whether [a claimant] is not disabled." Id. § 416.912(d)-(e). "Where, as here, a claimant is unrepresented by counsel, the ALJ bears a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (quoting Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980)).

In this case, the Commissioner acknowledges that reversal is required because the ALJ committed error in failing to develop the administrative record in three areas. First, the

Commissioner concedes that the ALJ failed to develop the record with respect to plaintiff's alleged eye condition. The ALJ stated his intention to contact plaintiff's eye specialist after plaintiff testified, in her April 2008 hearing, that she had undergone cataract surgery and had a tumor in her eye, but the administrative record contains no documentation from the specialist. A.R. 702-03, 713-14. Second, the ALJ erred when, given the "[v]ery limited" record of plaintiff's treatment under Dr. Micheal Tanner at the Bellevue Hospital Medical Center, he did not try to obtain additional records documenting plaintiff's treatment at the facility or seek the opinion of her doctor regarding plaintiff's alleged disability. A.R. 688, 692-94. Finally, although plaintiff testified at her April 2008 hearing that she visited Bellevue Hospital Medical Center every few months, the administrative record contains plaintiff's medical records only up to the year 2004. A.R. 688. The ALJ should have obtained missing medical evidence that would have brought the record up to date so that a disability determination could have been made on the basis of a more comprehensive medical history.

## CONCLUSION

The court denies plaintiff's motion to correct the transcripts of her administrative hearings, her motion for judgment on the pleadings, and her motion to compel. Dkt. Nos. 26, 38, 46. The court grants the Commissioner's motion to remand. Dkt. No. 49. This case is remanded to the Commissioner for further proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/
_____
Allyne R. Ross
United States District Judge

Dated: November 7, 2011

Brooklyn, New York

SERVICE LIST:

**Plaintiff:**
Hong Mai
40-20 Beach Channel Drive, Apt. #10K
Far Rockaway, NY 11691